25 F.3d 1056
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 In re 5000 SKELLY CORPORATION, Debtor.
FIGGIE ACCEPTANCE CORPORATION, Appellant,
v.
CITY ROOFING COMPANY, Appellee.
 No. 93-5176.
 United States Court of Appeals, Tenth Circuit.
 June 1, 1994.
 
 1
 Before ANDERSON and KELLY, Circuit Judges, and LUNGSTRUM,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Figgie Acceptance Corporation appeals from an order of the bankruptcy court that subordinated its mortgage to the lien of appellee City Roofing Company in the underlying bankruptcy. The district court affirmed. We exercise jurisdiction under 28 U.S.C. 158(d), and reverse.
 
 
 4
 Appellant raises two arguments on appeal: (1) state common law principles of equitable estoppel cannot apply, as they are preempted by a provision of the Bankruptcy Code, 11 U.S.C. 510(c)(1), providing for equitable subordination; and (2) the district court erred in its application of the doctrine of equitable subordination under the Bankruptcy Code.
 
 
 5
 Appellant is required to point out where in the record on appeal the issues were raised and ruled on in the court below. 10th Cir. R. 28.2(c). Appellant cites to the district court opinion to indicate that it raised its "preemption" argument in that court. Appellant's Br. at 1. Nowhere in the district court opinion, however, did that court discuss or even acknowledge the issue. If appellant raised the issue in its district court brief, it nevertheless failed to include that brief in the record on appeal. This court does not usually address issues that were not raised and ruled on by the district court, McEwen v. City of Norman, 926 F.2d 1539, 1547 (10th Cir.1991), and appellant's preemption issue is therefore deemed waived.
 
 
 6
 Equitable subordination of a creditor's claims is permitted by the Bankruptcy Code, 11 U.S.C. 510(c), to distinguish between a creditor's legitimate remedies against the debtor and inequitable conduct. Sloan v. Zions First Nat'l Bank (In re Castletons, Inc.), 990 F.2d 551, 559 (10th Cir.1993).
 
 
 7
 A party seeking equitable subordination under 510(c) must demonstrate:
 
 
 8
 1. The claimant has engaged in inequitable conduct;
 
 
 9
 2. The conduct has injured creditors or given unfair advantage to the claimant; and,
 
 
 10
 3. Subordination of the claim is not inconsistent with the Bankruptcy Code.
 
 
 11
 Id. If the claimant is an insider or a fiduciary, the party seeking subordination need only show "unfair" conduct. Estes v. N & D Properties, Inc. (In re N & D Properties, Inc.), 799 F.2d 726, 731 (11th Cir.1986). If the claimant is not an insider or a fiduciary, however, the party seeking subordination must " 'demonstrate even more egregious conduct ... [such as] "gross misconduct tantamount to fraud, misrepresentation, overreaching or spoliation." ' " In re Castletons, 990 F.2d at 559 (quoting Rosania v. Haligas (In re Dry Wall Supply, Inc.), 111 B.R. 933, 938 (D. Colo.1990)(quoting Burner v. Security State Bank (In re Burner), 109 B.R. 216, 228 (Bankr.W.D. Tex.1989))).
 
 
 12
 Although the district court purported to make the factual findings that appellant was neither an insider nor a fiduciary, and that appellant's conduct fell short of fraud, misrepresentation, spoliation, and overreaching, the district court was not the fact-finding court. And, since In re Castletons had not been decided at the time of the bankruptcy court opinion, the bankruptcy court did not make factual findings, either as to appellant's status or to the tenor of its conduct, necessary for a decision on whether appellant's claim should be subordinated under In re Castletons ' two-part test. See id. Therefore, we reverse and remand to the bankruptcy court for additional proceedings on this issue.
 
 
 13
 The judgment of the United States District Court for the Northern District of Oklahoma is REVERSED, and the case is REMANDED for additional proceedings consistent with this order and judgment.
 
 
 
 **
 Honorable John W. Lungstrum, District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470